**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AL AND PO CORPORATION, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 14-cv-1893 |
| Plaintiff, | ) ) | Hon. Edmond E. Chang |
| v. | ) ) | Magistrate Judge Jeffrey T. Gilbert |
| MED-CARE DIABETIC & MEDICAL SUPPLIES, INC., a Florida corporation, | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Submitted By:

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 N. State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.470.6588

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

ARGUMENT ..............................................................................................................................1

    I.    COMMON SENSE DICTATES THAT DEFENDANT'S FAX *IS* AN "UNSOLICITED ADVERTISEMENT" AS A MATTER OF LAW............................................................2

    II.   DEFENDANT'S CITED AUTHORITY DOES NOT ESTABLISH THE FACSIMILE IS AKIN TO AN EMPLOYMENT OFFER .........................................................................5

        A.  *Lutz* is Unpersuasive .................................................................................6

        B.  Defendant's Fax is Not a "Help-Wanted Ad".........................................6

        C.  Defendant's Other Cases are Similarly Inapposite .................................9

    III.  PLAINTIFF MAY ASSERT A CAUSE OF ACTION FOR A DEFICIENT OPT-OUT NOTICE...............................................................................................................11

CONCLUSION...........................................................................................................................13

## TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ......................................................................................................1

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..........................................................................................................2

*Ira Holtzman, C.P.A. v. Turza*
134 S. Ct. 1318 (U.S. 2014) .............................................................................................4

**UNITED STATES CIRCUIT COURT OF APPEALS CASES**

*Brooks v. Ross*,
578 F.3d 574 (7th Cir. 2009) ...........................................................................................1

*Gibson v. City of Chicago*,
910 F.2d 1510 (7th Cir. 1990) .........................................................................................1

*Ira Holtzman, C.P.A. v. Turza*,
728 F.3d 682 (7th Cir. 2013) ...................................................................................4, 5, 11

*Missouri ex rel. Nixon v. Am. Blast Fax, Inc.*,
323 F.3d 649 (8th Cir. 2003) ...........................................................................................6

*N.B. Industries, Inc. v. Wells Fargo & Co.*,
465 F. App'x 640 (9th Cir. 2012) ..................................................................................10

*Nack v. Walburg*,
715 F.3d 680 (8th Cir. 2013) .........................................................................................12

*Sierra Club v. Van Antwerp*,
526 F.3d 1353 (11th Cir. 2008) .......................................................................................5

*Weinberg v. City of Chicago*,
310 F.3d 1029 (7th Cir.2002) ......................................................................................3, 4

## UNITED STATES DISTRICT COURT CASES

*A Aventura Chiropractic Ctr., Inc. v. Med Waste Mgmt. LLC*,
2013 WL 3463489 (S.D. Fla. July 3, 2013) ..............................................................................12

*Bais Yaakov of Spring Valley v. Alloy, Inc.*,
936 F. Supp. 2d 272 (S.D.N.Y. 2013)........................................................................................11

*Friedman v. Torchmark Corp.*,
2013 WL 1629084 (S.D. Cal. Apr. 16, 2013) ...............................................................................5

*Friedman v. Torchmark Corp.*,
2013 WL 4102201 (S.D. Cal. Aug. 13, 2013) ...............................................................................5

*Green v. Anthony Clark Int'l Ins. Brokers, Ltd.*,
2009 WL 2515594 (N.D. Ill. Aug. 17, 2009) ............................................................................8, 9

*In re Zydus Unsolicited Fax Litigation*,
Case No. 13-cv-3105 (N.D. Ill.) .....................................................................................................3

*Lutz Appellate Servs., Inc. v. Curry*,
859 F. Supp. 180 (E.D. Pa. 1994) ............................................................................................ 5-9

*Phillips Randolph Enters., LLC v. Adler-Weiner Research Chi, Inc.*,
526 F. Supp. 2d 851 (N.D. Ill. 2007). ...........................................................................................9

*Sadowski v. Med1 Online, LLC*,
2008 WL 489360 (N.D. Ill. Feb.20, 2008) ....................................................................................5

*Vandervort v. Balboa Capital Corp.*,
287 F.R.D. 554 (C.D. Cal. 2012) ................................................................................................12

*Whiteamire Clinic, P.A., Inc. v. Quill Corp.*,
2013 WL 5348377 (N.D. Ill. Sept. 24, 2013) ............................................................................12

## STATE COURT CASES

*Davis, Keller Wiggins, LLC et al. v. JTH Tax Inc.*,
2001 WL 36107698 (Mo. Cir. Ct. of St. Louis Cnty. Aug. 28, 2001).............................................8

*Platke and Perkowitz L.L.P. et al. v. IHire Inc.com, Inc.*,
Case No. 02AC-19041 (Mo. Cir. Ct. of St. Louis Cnty. Mar. 28, 2005)........................................8

**STATUTES AND REGULATIONS**

18 U.S.C. § 1951...............................................................................................................12

47 U.S.C. § 227............................................................................................. *passim*

47 C.F.R. 64.1200.........................................................................................................11, 12

**OTHER AUTHORITIES**

*Merriam-Webster Online*
http://www.merriam-webster.com ...............................................................................3, 4

*The American Heritage Dictionary* 175 (3d ed. 1994) ..............................................10

## INTRODUCTION

Defendant attempts to avoid liability under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by arguing that its fax was merely an "offer of employment" (Def. Mem. at 4) and not an "unsolicited advertisement," as defined under the TCPA. 47 U.S.C § 227(a)(5). The predicate for Defendant's motion fails completely. Defendant's fax clearly promotes the availability *and* quality of its medical supplies—only one of which is required to constitute an unsolicited advertisement within the meaning of the TCPA. That Defendant cast its unsolicited advertisement as a purported "offer to join a subcontractor program" does not exempt Defendant's fax from the TCPA as a matter of law. A complete canvassing of the law on this issue (rather than the selective and misleading presentation contained in Defendant's brief) makes that very clear. Defendant's motion should be denied.[1]

## ARGUMENT

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). As the U.S. Supreme Court has explained, a complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Put simply, Fed. R. Civ. P. 8 "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d

---

[1] In a transparent and offensive attempt to impugn class representative and Plaintiff AL and PO Corporation, Defendant begins its brief by reporting—quite correctly—that AL and PO has been a class representative numerous other times in TCPA litigation. So what? That Plaintiff happens to have received a number of separate facsimiles that violate the TCPA and is actually willing to serve as a class representative has nothing to do with anything. Either Defendant's unsolicited facsimile here constitutes an unsolicited advertisement (and violates the TCPA) or it doesn't. Plaintiff readily embraces a decision on this issue driven by the merits and the law rather than rhetoric and *ad hominem* attacks.

574, 580 (7th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *Iqbal*, 556 U.S. at 663 ("[W]hether a complaint states a plausible claim is context-specific requiring the reviewing court to draw on its *judicial experience and common sense*.") (internal citation omitted; emphasis added).

As detailed below, based on the express allegations of the Complaint, the content of the facsimile at issue, and the "common sense and judicial experience" of this Court, Defendant's unsolicited facsimile is plainly an unsolicited advertisement under the TCPA. Defendant's arguments to the contrary must be rejected at the pleading stage.

## I.   COMMON SENSE DICTATES THAT DEFENDANT'S FAX *IS* AN "UNSOLICITED ADVERTISEMENT" AS A MATTER OF LAW.

Defendant's argument boils down to one overarching contention: because the fax offers Plaintiff the opportunity to sell Defendant's medical supplies *to others* (and not for Plaintiff to purchase them for Plaintiff's own use), the fax is not an "unsolicited advertisement" as a matter of law.[2] Unfortunately for Defendant, that is not the law.

Contrary to Defendant's position, an "unsolicited advertisement" does not distinguish between *who* can purchase or sell the property, goods, or services offered in the fax. Rather, all that is required is that the unsolicited fax contains "any material advertising the commercial availability or quality of any property, good or services." 47 U.S.C. § 227(a)(5). The distinction between whether Plaintiff or one of Plaintiff's customers must be able to purchase Defendant's products is a complete *non-sequitur*, but Defendant acts as though it is outcome-determinative.

---

[2] Of note, Defendant does not contest whether it sells the medical supplies that are promoted in the fax—nor could it. Defendant also does not contest that the fax was unsolicited, i.e. that Plaintiff did not provide prior express permission or invitation to receive the faxes. Similarly, Defendant does not claim that the fax is exempt from the TCPA, because it was sent pursuant to an established business relationship. Instead, Defendant makes one argument only:  that the fax did not "seek[] to sell any goods, products or services *to Plaintiff*" and is therefore not an advertisement. (Def. Mem. at 4 (emphasis added).) So long as the Court rejects that sole argument, Defendant's motion must be denied.

Just recently a court in this District rejected the exact same argument Defendant makes here, and called it "frivolous." *In re Zydus Unsolicited Fax Litigation*, Case No. 13-cv-3105 (N.D. Ill.) (Grady, J.). In *Zydus*, the defendant argued that because the plaintiff could not actually purchase the drugs promoted in the fax (and rather that the end-user was someone other than the fax recipient/plaintiff), the drugs were not "commercially available" to the plaintiff. On this basis, the defendant argued the fax was not an "unsolicited advertisement." Case No. 13-cv-3105, Transcript from Hearing on Defendant's Motion to Dismiss at 4 (N.D. Ill. July 31, 2013) (a true and correct copy of the transcript is attached hereto as Exhibit A.) Judge Grady swiftly rejected this argument:

> The Court: Does the statute say that it has to be commercially available to the person who receives the advertisement?
>
> [Defense Counsel]: Your Honor, it doesn't say that. It just says that it, you— the statute is silent on that—in that regard.
>
> The Court: It says "available." Counsel, I don't like to say this, but maybe you can learn from this experience. Your motion is frivolous. The motion is denied. Call the next case.

(Ex. A, at 4:7-16.)

In just the same way, Defendant's fax openly promotes its medical supplies as commercially available. The fax states that "We Can Provide Your Patients With" and lists *twelve* of Defendant's products. (Compl., Ex. A.) Defendant has even admitted that "the purpose of the Med-Care facsimile was clear: . . . to sell products to others." (Def. Mem. at 6.) Naturally, in order to "provide" or "sell" these products, the products must be "available." *See Merriam-Webster Online* (defining "sell" as "to make something available to be bought"), http://www.merriam-webster.com/dictionary/sell (last accessed April 28, 2014); *see also*

*Weinberg v. City of Chicago,* 310 F.3d 1029, 1042 (7th Cir.2002) ("When a word is not defined by statute, [the Court] normally construe[s] it in accord with its ordinary or natural meaning.").

Defendant's contention that "no pricing information" is listed in the fax is similarly unavailing. (Def. Mem. at 3.) As Judge Grady aptly stated:

> The defendant argues that there's nothing said about price, there's nothing said about where you can buy this, which is admittedly the kind of information that is frequently contained in advertisements. On the other hand, all you have to do is ruffle through any popular magazine and you'll find dozens of advertisements—it would be impossible to call them anything else—that don't say anything about price. . . . I happen to subscribe to the New Yorker magazine, and there are probably 50 ads of that kind in every edition of the magazine.

(Ex. A, at 2:22-25; 3:1-10.)

What is more, not only does Defendant's fax promote the commercial *availability* of its products, but it also promotes the *quality* of Defendant's products. *See Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 685 (7th Cir. 2013), *reh'g denied* (Sept. 24, 2013), *cert. denied*, 134 S. Ct. 1318 (U.S. 2014) ("'Unsolicited advertisement' is a defined term, meaning 'any material advertising the commercial availability *or quality* of any property, goods, or services.'") (emphasis added). Specifically, the fax claims that "[Defendant] offer[s] a multitude of products and services, *all credentialed* by The Joint Commission."[3] (Compl. at Ex. A) (emphasis added).) Describing one's products or services as credentialed surely reflects the quality of those goods or services. *See Merriam-Webster Online* (defining "credential" as "warranting credit or confidence"), http://www.merriam-webster.com/dictionary/credentialed (last accessed April 28,

---

[3] Presumably, "The Joint Commission" to which the fax refers is the Joint Commission, established in 1988, that provides accreditation for more than 6,000 medical organizations. *See* The Joint Commission, *What is Accreditation*, http://www.jointcommission.org/accreditation/accreditation_main.aspx (last visited Apr. 28, 2014).

2014); *see also Weinberg*, 310 F.3d at 1042 (construing terms with their ordinary and natural meaning).

Furthermore, Defendant's contention that the promotion of its products was merely meant to be "informative" does not prevent its fax from being deemed an "unsolicited advertisement." (Def. Mem. at 7.) The Seventh Circuit held that even "75% of a page that is not an ad does *not* detract from the fact that the fax contains an advertisement." *Holtzman*, 728 F.3d at 687; *see* S*adowski v. Med1 Online, LLC,* 2008 WL 489360, *7 n. 5 (N.D. Ill. Feb.20, 2008) (finding that the potential economic benefit in combination with commercial content, such as language geared towards acquiring new customers, determines whether the fax may be an advertisement).

Simply put, "if it walks like a duck, quacks like a duck, and looks like a duck, then it's a duck." *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1359 (11th Cir. 2008).[4]

## II.  DEFENDANT'S CITED AUTHORITY DOES NOT ESTABLISH THE FACSIMILE IS AKIN TO AN EMPLOYMENT OFFER.

Defendant contends that its fax is more akin to an offer of employment and thus not an "unsolicited advertisement." (Def. Mem. at 4-5.) In support of its position, Defendant principally relies on *Lutz Appellate Servs., Inc. v. Curry*, 859 F. Supp. 180 (E.D. Pa. 1994).[5] Not only was the ruling in *Lutz* incorrect to the extent it held that faxes for job offers are *per se* exempt from

---

[4] Nevertheless, assuming arguendo that the goods promoted in the fax must be purchasable by the recipient, the nature of Defendant's subcontractor program is entirely unclear. Plaintiff may be required to purchase Defendant's medical supplies or pay a fee in order to sell them to others. In other words, a factual inquiry is needed to determine whether Plaintiff must "engage in future commercial transactions with Defendant to purchase [and resell] [Defendant's] goods." *Friedman v. Torchmark Corp.*, 2013 WL 1629084, at *4 (S.D. Cal. Apr. 16, 2013). This makes the issue incapable of resolution at the pleading stage.

[5] Defendant also relies on *Friedman*, 2013 WL 1629084 (S.D. Cal. Apr. 16, 2013) and *Friedman*, 2013 WL 4102201 (S.D. Cal. Aug. 13, 2013) to extend *Lutz*. *Friedman*, however, is unpersuasive for the same reason that *Lutz* is unpersuasive, and they are both district court decisions outside this Circuit.

the TCPA as a matter of law, but Defendant's application of *Lutz* is tortured and unpersuasive anyway.

**A.  *Lutz* is Unpersuasive.**

Contrary to the holding in *Lutz*, offers to sell goods or services through a traditional employment offer or an independent contractor relationship "are not exemptions contained in the [TCPA.]" *See, e.g.*, *Missouri ex rel. Nixon v. Am. Blast Fax, Inc.*, 323 F.3d 649, 657 n.6 (8th Cir. 2003) ("[Defendant] argues in addition that TCPA does not prohibit unsolicited commercial faxes regarding job openings and "image" advertisements not explicitly offering a product for sale. These are not exceptions contained in the statute, however."). Therefore, Defendant's fax is not excluded from the TCPA as a matter of law.

**B.  Defendant's Fax is Not a "Help-Wanted Ad."**

Defendant's fax here is a far cry from the "help-wanted ad" in *Lutz*, which makes *Lutz*—an out-of-Circuit trial court decision—inapplicable in all events. 859 F. Supp. at 181. For ease of reference, the content of one of the faxes from *Lutz* and the fax at issue in this case are supplied below, respectively:

**CURRY & TAYLOR**

**IS NOW HIRING**

**ALL POSITIONS**

**CALL TODAY 1-800-222-8738**

*Lutz*, 859 F. Supp. at 181.



(Compl. at Ex. A.)

Even a cursory glance reveals the significant distinctions between the *Lutz* fax and Defendant's fax. The *Lutz* court emphasized that when an employer places a "help wanted ad, no one speaks or thinks of it as a property solicitation or an offer of property. Likewise, when an employer hires an employee, no one characterizes the hiring as a property sale, exchange or transaction." 859 F.3d at 181. Defendant, however, did not merely state that it was seeking to hire someone to fill its ranks. Rather, Defendant's fax explicitly states that its program will allow Plaintiff to "leverage [Defendant's] capacity and diversification of [Defendant's] products." (Compl. Ex. A.) More telling, Defendant's fax states in bold font—larger than the rest of the fax—that it offers at least twelve medical products. (*Id.*) Thus, Defendant's fax is not a "help-wanted ad."

A Missouri trial court undertook this exact analysis when finding the *Lutz* faxes "factually distinguishable." *Davis, Keller Wiggins, LLC et al. v. JTH Tax Inc.*, 2001 WL 36107698, at \*2 (Mo. Cir. Ct. of St. Louis Cnty. Aug. 28, 2001). (A true and correct copy of the *Davis* decision is attached hereto as Exhibit B.) The *Davis* court stated:

> The [*Lutz*] court likened the faxes to a "help wanted" sign. The fax in this case is not "help wanted" sign, it is a multi-paragraph exaltation of Defendant's company, and advertisement of its website. Lutz is simply not on point. Nor has it been subject to appellate review. Had Defendant sent a fax stating nothing more than: "Liberty Tax is hiring Sales Managers. Call 1-800-790-3963 for more information" it would be more akin to a "help wanted sign." But the fax in this case does much more, making several qualitative statement about the company and its products. More specifically, even a cursory review of the Liberty Tax Service fax reveals it is nothing like the sparse 5-line faxes in *Lutz*. The Liberty fax specifically advertises several products and services of Liberty, including "Market Tax Services," their website (www.liberty tax.com), and a video and information package. These are "products" and "services" in anyone's dictionary. It also makes several substantive quality statements about Liberty services. Simply put, the Liberty fax is factually distinguishable from the faxes in Lutz.

*Davis*, 2001 WL 36107698, at \*2. *See also Platke and Perkowitz L.L.P. et al. v. IHire Inc.com, Inc.*, Case No. 02AC-19041, Slip Op. at 3 (Mo. Cir. Ct. of St. Louis Cnty. Mar. 28, 2005) (rejecting the application of *Lutz*, because the faxes in *Lutz* did not offer services). (A true and correct copy of the Memorandum Order in *IHire* is attached as Exhibit C.)

Furthermore, as Defendant is forced to concede (yet tries to spin into a positive somehow), a court in this District has also rejected application of *Lutz*. In *Green v. Anthony Clark Int'l Ins. Brokers, Ltd.,* the defendants relied on *Lutz* to assert that faxes regarding a brokering opportunity did not offer a service. 2009 WL 2515594, at \*3 (N.D. Ill. Aug. 17, 2009). Judge Kennelly rejected that argument holding, stating:

> Defendants' fax to Green arguably promoted the commercial availability of a service, namely the service of brokering a sale of an insurance agency. Defendants argue that the fax was an invitation to engage in preliminary

> discussions and discern whether Green would qualify for the offer. The fax, however, does not advise the recipient to call to see if he qualifies but rather encourages him to call to "further discuss the possibility of selling." ***At least for purposes of a motion to dismiss, Green has sufficiently alleged that defendant's fax to him constituted an unsolicited advertisement within the meaning of the TCPA.***

*Green*, 2009 WL 2515594, at *3 (emphasis added).

Likewise, Defendant's fax here promotes the commercial availability of its products. Defendant argues that because the fax identifies Plaintiff as a "possible candidate," the fax was not an "indiscriminate, open ended invitation." (Def. Mem. at 7.) Just like the fax in *Green*, however, Defendant's fax "does not advise [Plaintiff] to call to see if [it] qualifies but rather encourages [it] to call [or email Defendant if Plaintiff is interested in taking advantage of this opportunity."] *Green*, 2009 WL 2515594, at *3; (Compl. at Ex. A.)

Because the "help wanted" ads in *Lutz* are factually distinguishable from Defendant's faxes, application of *Lutz* court's ruling is inappropriate. Defendant's attempts to rely on *Lutz* and distinguish *Green* are based on artificial distinctions and maxims that Defendant is simply making up as it goes along, without any regard to the actual law.

**C. Defendant's Other Cases are Similarly Inapposite.**

Defendant's other cases fare no better. In *Phillips Randolph Enterprises, LLC v. Adler-Weiner Research Chicago, Inc.*, the court found that "[o]n its face, the fax does not promote a 'commercially available service,' but a research study." 526 F. Supp. 2d 851, 853 (N.D. Ill. 2007). Here, however, Defendant's fax *on its face and in large bold font* promotes *twelve* products that are available for purchase.

On the issue of pretext, the *Phillips* court found that the fax was "not an indiscriminate, open-ended invitation" because the fax "[made] clear [that] individuals interested in participating in the research study must be qualified and prescreened." 526 F. Supp. at 853 (requiring

recipients to "call to see if you qualify"). But here, the necessity of qualification and prescreening is far from clear on the face of the fax. Indeed, Defendant's fax suggests that all that is needed is for the recipient to "call or email [Defendant] if [Plaintiff] is interested in taking advantage of this opportunity."

*N.B. Industries, Inc. v. Wells Fargo & Co.*, a decision from the Ninth Circuit, is also inapposite. The fax there was an application for a free leadership award. 465 F. App'x 640, 642 (9th Cir. 2012). The Ninth Circuit affirmed the district court's finding that such a fax was not an "unsolicited advertisement." *N.B. Indus.*, 465 F. App'x at 642. The court held that "[t]o be commercially available within the meaning of [TCPA], a good or service must be available to be bought or sold (or must be a pretext for advertising a product that is so available)." *Id.* (citing *The American Heritage Dictionary* 175 (3d ed. 1994) (defining commerce as the "buying and selling of goods")). Because there was no indication that the award was for sale or that the award itself was pretext for advertising commercially available goods or services, the award was not commercially available within the meaning of the TCPA. *Id.* As explained above, however, and as Defendant readily admits, Defendant's medical supplies are "available to be bought *or sold*." *Id.* (emphasis added).

In conclusion, a common sense appraisal demonstrates that Defendant's fax promotes the commercial availability and quality of its medical supplies. Furthermore, offers to sell products under a subcontractor program are not excluded from the definition of an "unsolicited advertisement" as a matter of law. The TCPA requires nothing more to state a claim. Thus, at a minimum, Plaintiff's claims should survive the pleading stage.

### III.     PLAINTIFF MAY ASSERT A CAUSE OF ACTION FOR A DEFICIENT OPT-OUT NOTICE.

Defendant argues that Count II of Plaintiff's Complaint fails to state a claim because: (1) "the facsimile at issue was not an unsolicited advertisement;" and (2) 47 U.S.C. § 227(b)(2)(D) does not provide a cause of action. (Docket No. 15, at 8-9.) For the reasons stated above, Defendant's fax *is* an "unsolicited advertisement" and thus must include a sufficient opt-out notice.

As for its second argument that "Section 227(b)(2)(D) is merely definitional . . . . [And] does not provide Plaintiff with a separate cause of action, (Def. Mem. at 9) Defendant overlooks the language of the TCPA, the corresponding regulations, and the case law on point. (Other than that, Defendant is doing fine.) Defendant's willingness to simply assert legal maxims (as though that were the law) and make things up as it goes along is startling.

The TCPA provides a private right of action "based on a violation of this subsection *or the regulations* prescribed under this subsection to enjoin such violation." 47 U.S.C. § 227(b)(2)(A) (emphasis added). The Code of Federal Regulations provides that "[a] facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(4)(iii) of this section." 47 C.F.R. 64.1200(a)(4)(iv); *see Ira Holtzman*, 728 F.3d at 683 ("Even when the Act permits fax ads—as it does to persons who have consented to receive them, or to those who have established business relations with the sender—the fax must tell the recipient how to stop receiving future messages."). Accordingly, "[s]ection 227(b) [] plainly allows a private right of action where a fax is sent without a notice that meets its requirements." *Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272, 285 (S.D.N.Y. 2013).

Therefore, even if Defendant is successful in showing that Plaintiff provided "prior express invitation or permission" for Defendant to send the fax—and it cannot—Plaintiff may assert a cause of action for an insufficient opt-out notice. *See Nack v. Walburg*, 715 F.3d 680, 685 (8th Cir. 2013). In *Nack*, the plaintiff brought a class action on behalf of persons who received solicited—as opposed to unsolicited—faxes. 715 F.3d at 682. The district court granted summary judgment for the defendant and held that the regulation does not apply in the current circumstances. *Id.* (referring to 47 C.F.R. 64.1200(a)(4)(iv)). After taking into consideration an amicus brief by the Federal Communications Commission, the Eighth Circuit reversed, holding that the regulation as written requires opt-out notices for solicited faxes. *Id.* at 685. The court further held that the validity of the regulation could not be challenged at that procedural stage under the Hobbs Act, 18 U.S.C. § 1951. *Id.*

Several district courts have taken a similar approach. *See*, *e.g.*, *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, 2013 WL 5348377, at *7 (N.D. Ill. Sept. 24, 2013) ("The sufficiency of the opt-out language in [Defendant's] faxed advertisements is a relevant issue for discovery regardless of whether [Plaintiff] consented to receive the fax or whether the recipient had an EBR with [Defendant]."); *A Aventura Chiropractic Ctr., Inc. v. Med Waste Mgmt. LLC*, 2013 WL 3463489, at *5 (S.D. Fla. July 3, 2013) (granting plaintiff's motion for reconsideration, holding "individualized inquiries are no longer a concern as the sole issue in ascertaining class membership is whether in solicited and unsolicited advertisements the required opt-out language was included"); *Vandervort v. Balboa Capital Corp.*, 287 F.R.D. 554, 563 (C.D. Cal. 2012) (certifying a class that alleged solicited faxes violated the opt-out notice requirements).

## **CONCLUSION**

For the foregoing reasons, this Court should deny Defendant's Motion to Dismiss in its

entirety, and grant Plaintiff such further relief as the Court deems appropriate.


Dated: May 19, 2014                              Respectfully submitted,

                                                 AL AND PO CORPORATION, on behalf of
                                                 itself and all others similarly situated


                                                 By: ___*/s/ Joseph J. Siprut*_____
                                                     One of the Attorneys for Plaintiff
                                                     And the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT** PC
17 N. State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.470.6588

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that the foregoing **Plaintiff's Response to Defendant's Motion to Dismiss** was filed electronically with the Clerk of the Court using the CM/ECF system on this 19th day of May, 2014, and served electronically on all counsel of record.


_____*/s/ Joseph J. Siprut*_____
Joseph J. Siprut


4837-7100-9818, v. 1